■ In the Matter of D. J. R. DEVELOPMENT CORPORATION, Respondent, v TOWN BOARD OF THE TOWN OF HASTINGS et al., Appellants.—Judgment

unanimously reversed, without costs, and petition dismissed. Memorandum: In this article 78 proceeding in the nature of mandamus to compel issuance of a mobile home park license Special Term has ordered appellants—a town board, town planning board, zoning officer and town clerk—to grant the application for the license and to issue a special permit for the trailer park under the town zoning ordinance. With regard to the special permit: the provisions of the zoning ordinance in effect during the period covered by this proceeding a trailer park was a permitted use in the districts in which respondent's property was located only with the approval of the zoning board of appeals, which is not a party to this litigation. In no circumstances was the town board, or any of the other parties joined in this proceeding, vested with authority to confer such approval or to issue a special permit for such use. Special Term therefore improperly directed appellants to perform an act which they were powerless to do under the terms of the zoning ordinance. It was also error to direct approval of respondent's application for a mobile home park license. With respect to approval of such applications, the trailer park ordinance in effect prior to the commencement of this proceeding provided that "If the applicant is of good moral character, and the proposed mobile home park will, when constructed or altered in accordance with such plans and specifications, be in compliance with all provisions of this ordinance and all other applicable ordinance [sic] and statutes, the Town Board and also acting as the Board of Health shall approve the application." Since respondent at no time obtained the approval of the zoning board of appeals for the special use of its property as a trailer park—which was a prerequisite to use for that purpose under the zoning ordinance—the town board could not have found that the proposed trailer park would be "in compliance with" all other applicable ordinances. The affidavit submitted in opposition to the petition sets forth other grounds on which appellant town board correctly asserts that respondent failed to demonstrate compliance with statutory or ordinance requirements; nothing offered by respondent establishes such compliance. For example, the town board had before it the judgment of the town engineer that the proposed septic system was "not sufficient". The trailer park ordinance required that sewage and waste "shall be discharged * * * in such manner as will present no health hazard". Despite that requirement and the conclusion of the town engineer as to the proposed system's inadequacy, respondent offered no professional evidence refuting the engineer's determination, either before the town board or in the present proceeding, but relied solely on a statement by its attorney that such a system had worked successfully in other areas, with no showing of the nature of such other areas or of their similarity to respondent's property. In view of these failures to establish compliance the town board acted in accordance with the trailer park ordinance in withholding approval of respondent's application. (Appeal from judgment of Oswego Special Term in article 78 proceeding for mobile home license.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.