In the Matter of CHRISTOPHER WATT, Appellant, v TOWN OF GAINES, Respondent

The original petition should have been dismissed in part, however, for failure to name the Town Planning Board as a necessary party with respect to petitioner's claim that the Planning Board's denial of petitioner's application for a special permit was arbitrary and capricious. Under the town's zoning ordinance, only the Planning Board may grant or deny such a permit. Thus, the Planning Board is a necessary party if the denial of petitioner's application is to be reviewed *(see,* CPLR 1001 [a]; *Matter of Commco, Inc. v Amelkin,* 62 NY2d 260, 263; *Phillips v Village of Oriskany,* 57 AD2d 110, 113; *Matter of D. J. R. Dev. Corp. v Town Bd.,* 47 AD2d 986, 987).

Petitioner's remaining claims alleged in the original petition (denominated arguments 1, 2, 3 and 5) which challenge the zoning ordinance on various grounds should not be dismissed because with respect to these claims the town is the proper party and was timely served *(see, Matter of Wohl v Miller,* 63 NY2d 687, 688; *D.B.C.G., Inc. v Town of Ramapo,* 97 AD2d 533).

The amended petition was properly dismissed because it was served beyond the stipulated extension period, and respondent properly raised the affirmative defense of the Statute of Limitations in its amended answer. Moreover, the applicable 30-day limitation period *(see,* Town Law § 274-a [3]; § 282) was not

tolled since the town and the Town Planning Board are not united in interest *(see,* CPLR 203 [b] [1]; *Prudential Ins. Co. v Stone,* 270 NY 154, 159; *Gagliardi v New York City Hous. Auth.,* 88 AD2d 610, 611; *Connell v Hayden,* 83 AD2d 30, 41). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—art 78.) Present—Doerr, J. P., Denman, Green, Lawton, and Davis, JJ.