■ In the Matter of DAVID T. HAGGERTY et al., Appellants, v PLANNING BOARD OF THE TOWN OF SAND LAKE et al., Respondents.—Casey, J. Appeal from an amended order and judgment of the Supreme Court (Travers, J.), entered December 6, 1989 in Rensselaer County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted a motion by respondent Planning Board of the Town of Sand Lake to dismiss the petition as time barred.

Citing Matter of E.F.S Ventures Corp. v Foster (71 NY2d 359, 372), in which the Court of Appeals indicated that the four-month Statute of Limitations is applicable in cases involving challenges to administrative actions based upon alleged violations of the State Environmental Quality Review

Act (ECL art 8; hereinafter SEQRA), petitioners contend that this combined CPLR article 78 proceeding and declaratory judgment action to invalidate the site plan approval of the construction of a cellular telephone cell site is timely. We agree with Supreme Court that, although petitioners' challenge is grounded upon alleged SEQRA violations, the 30-day time limitation contained in Town Law § 274-a (3) is applicable.

CPLR 217 (1) provides that "[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding". In applying CPLR 217 to cases involving SEQRA determinations, the courts are often confronted with the question of when the Statute of Limitations began to run *(e.g., Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62, 72-73; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 203; *Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897, 898, *affd* 59 NY2d 999). We recently explained that "[i]n order to determine what event triggered the running of the Statute of Limitations, we must first ascertain what administrative decision petitioner is actually seeking to review and then find the point when that decision became final and binding and thus had an impact upon petitioner" *(Matter of Monteiro v Town of Colonie,* 158 AD2d 246, 249). This assessment becomes more difficult when an ongoing planning and approval process exists and no permit or certificate of approval is to be issued *(Matter of Wing v Coyne,* 129 AD2d 213, 216). Here, however, the negative declaration challenged by petitioners was made during the course of consideration by respondent Planning Board of the Town of Sand Lake (hereinafter the Planning Board) of an application for site plan approval, a process which culminated in the Planning Board's formal approval of the site plan at its June 21, 1989 meeting. Town Law § 274-a (3) authorizes a CPLR article 78 proceeding by any person aggrieved by a decision of a planning board, and provides that such proceeding must be commenced within 30 days after the filing of the decision in the office of the Town Clerk.

We conclude that when, as here, the event that triggers the running of the Statute of Limitations in a proceeding involving alleged SEQRA violations is a final and binding determination for which a specific limitations period less than four months is provided by statute, CPLR 217 requires application of the shorter Statute of Limitations *(see, Matter of Casement*

*v Town of Poughkeepsie Planning Bd.,* 162 AD2d 685; *see also, Matter of Lebow v Village of Lansing Planning Bd.,* 151 AD2d 865). Since this proceeding was commenced more than 30 days after the filing of the Planning Board's decision, Supreme Court correctly dismissed the proceeding as untimely.

Amended order and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.