■ In the Matter of EAST COAST PROPERTIES, Appellant, v CITY OF ONEIDA PLANNING BOARD et al., Respondents.—Weiss, J. P. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered March 2, 1990 in Madison County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent City of Oneida Planning Board granting the request of respondent TecStar Corporation of New York for site plan approval and a conditional use permit.

Respondent TecStar Corporation of New York sought a site plan approval and a conditional use permit to construct a 48-unit condominium project in the City of Oneida, Madison County. The permit process resulted in a negative declaration as an unlisted type action under State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Petitioner, owner of a neighboring apartment complex, challenged the SEQRA determination, the site plan approval and the conditional use permit. Since more than four months had expired since issuance of a negative declaration and site plan approval on April 13, 1989, prior to the commencement of this proceeding on December 8, 1989, Supreme Court found the challenges to the SEQRA and the site plan approvals untimely. The court also found that the determination to issue a conditional use permit on November 9, 1989 had a rational basis.

Petitioner has appealed, contending that its challenge was timely in that the Statute of Limitations does not commence

on a SEQRA determination until the underlying action has become final and binding and has an impact upon aggrieved petitioners *(see, Matter of Wing v Coyne,* 129 AD2d 213, 217). Petitioner has challenged the negative declaration, contending that there had not been a "hard look" at the water pressure issues relating to fire safety. Petitioner also contends the conditional use permit is arbitrary, alleging insufficient consideration of the water pressure issue and the zoning density requirements. Petitioner further argues that the decision granting the conditional use permit was procedurally defective as lacking sufficient specific findings and conclusions.

Initially, we hold that petitioner's challenge to the negative declaration was timely as the declaration did not have an impact on petitioner until the related decision-making process had been completed *(see, Matter of Save the Pine Bush v City of Albany,* 117 AD2d 267, 269, *mod* 70 NY2d 193), which in this instance was the granting of the conditional use permit on November 9, 1989. Moreover, respondent City of Oneida Planning Commission (hereinafter the City) completed an additional SEQRA review on November 9, 1989 and again made a negative declaration *(cf., Matter of Monteiro v Town of Colonie,* 158 AD2d 246). However, petitioner's contentions that the City neglected to take a "hard look" at the issue of water pressure is contradicted by the record. City employees testified that the water pressure was more than adequate, substantially exceeding health standards, and did not present a problem. The project provided for numerous fire safety features and the conditional use permit required the installation of an additional fire hydrant even though the existing hydrant was found to be sufficient. It was also determined that the fire department had a pumper truck. Judicial review of a lead agency's SEQRA determination is limited and the courts may not substitute their judgment for that of the agency *(Akpan v Koch,* 75 NY2d 561, 570). Here, the agency identified petitioner's area of concern, took a hard look at those concerns and made a reasoned elaboration *(see, Matter of Desmond-Americana v Jorling,* 153 AD2d 4, 10). The decision was neither arbitrary nor capricious.

Similarly, the judicial review role involving discretionary zoning board matters is limited and a determination may not be set aside in the absence of illegality, arbitrariness or abuse of discretion *(Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 608). The City considered the density issue, which was a district-wide requirement rather than a lot-specific requirement. The record does not support petitioner's conten-

tion that the project would cause the district as a whole to violate density requirements, or that the City acted in an arbitrary manner in reaching its determination on that issue.

Petitioner's remaining contention is without merit. The City made express findings and conclusions at the public meeting prior to approving the permit. Moreover, any perceived inadequacies in the formal findings and conclusions do not invalidate the determination since it can be adequately ascertained from a review of the record that the decision had a rational basis in conformance with the zoning regulations *(see, Matter of Buitenkant v Robohm,* 122 AD2d 791).

Judgment affirmed, without costs. Weiss, J. P., Levine, Mercure and Harvey, JJ., concur.