■ In the Matter of LISA HICKEY et al., Appellants, v PLANNING BOARD OF THE TOWN OF KENT et al., Respondents.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Dickinson, J.), entered April 17, 1990 in Putnam County, which, *inter alia,* dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Planning Board of the Town of Kent granting the request of respondent Professional Craftsmen Construction Company, Inc. for subdivision approval.

Petitioners are residents of the Town of Kent, Putnam County, and owners of real property adjacent to the Miller Hill Properties Subdivision (hereinafter the proposed plat). Respondent Professional Craftsmen Construction Company, Inc. (hereinafter Pro-Craft) owns the proposed plat. Pro-Craft sought approval of an application for a six-lot subdivision for the proposed plat. A portion of the plat was comprised of State-protected wetlands, thus requiring a freshwater wetland permit from the Department of Environmental Conservation (hereinafter DEC). In September 1986 Pro-Craft wrote to

respondent Town of Kent Planning Board advising it that DEC had approved of the wetland boundaries and requesting preliminary plat approval. The Planning Board conducted a public hearing on October 9, 1986, after which it determined that an environmental impact statement pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) was unnecessary and issued a negative declaration, although it deferred granting preliminary approval. In October 1987 Pro-Craft reduced the project from six to five lots and eliminated one house and one septic system from its proposal. In June 1988 the Planning Board, having been informed by the County Health Department that the project satisfied the local health code, issued a second negative declaration and granted preliminary plat approval, which determination and approval were filed on August 2, 1988.

During the summer of 1989, Pro-Craft and the Town discussed a revision of the proposed plat by removing one of the proposed lots in order to satisfy the Town's request for a deed to some of the land on Miller Hill Road for road-widening purposes. At the Planning Board's September 1989 meeting, Pro-Craft suggested dedicating an easement to the Town, in lieu of a dedication of real property for road-widening purposes, which was agreed to by the Planning Board. In November 1989, the Planning Board granted final subdivision approval conditioned on the Town Board's acceptance of the proposed easement. In February 1990, the Town Board voted to accept the dedication of the easement.

On December 8, 1989 petitioners commenced this proceeding seeking review of the Planning Board's determination. Specifically, the petition avers that the Planning Board (1) violated SEQRA by failing to take a "hard look" before rendering its negative declaration relating to the proposed plat and by failing to file a written explanation for said determination, (2) acted beyond the scope of its authority in accepting Pro-Craft's easement, and (3) violated the law by not holding a new public hearing when the number of family homes was reduced from six to five for the proposed plat. Supreme Court dismissed the petition and we affirm for the reasons that follow.

Petitioners' initial complaint is that the Planning Board violated SEQRA by rendering a negative declaration concerning the proposed plat without taking a "hard look" and by failing to provide a written explanation for its determination. Respondents claim that this challenge is time barred because it was asserted more than 30 days after the negative declaration and preliminary approval were filed on August 2, 1988

*(see,* Town Law § 282; *Matter of Haggerty v Planning Bd.,* 166 AD2d 791). It is clear that the Statute of Limitations begins to run when an agency adopts plans committing it to a course of action which may affect the environment *(see,* 6 NYCRR 617.2 [b] [2]; *Matter of Monteiro v Town of Colonie,* 158 AD2d 246). In this case the Planning Board became so committed when it issued the negative declaration and gave preliminary approval to the proposed subdivision on August 2, 1988. "Because of the legislative policy favoring environmental review at the earliest possible time * * * the time to complain of SEQRA violations was within [30 days] of the [preliminary] approval" *(Matter of Monteiro v Town of Colonie, supra,* at 250; *see, Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 373-374, *affd* 62 NY2d 965). Accordingly, we determine that petitioners' challenge to the issuance of the negative declaration is time barred.

Petitioners next contend that the Planning Board improperly accepted the easement on behalf of the Town Board. That argument is wholly without merit. On November 9, 1989 the Planning Board granted conditional approval of Pro-Craft's proposed plat subject to acceptance of an easement by the Town Board *(see,* Town Law § 276 [2] [d]; [4]). On February 5, 1990 the Town Board accepted an easement from Pro-Craft for the first lot of the proposed plat. After acceptance of the easement by the Town Board, the proposed plat received final approval when the Planning Board filed its determination in its office on May 4, 1990 *(see,* Town Law § 276 [2] [e]; [4]). We find, therefore, that the Planning Board did not act beyond the scope of its authority when granting final approval subject to final action by the Town Board.

Finally, the Planning Board did not improperly fail to hold a new public hearing as asserted by petitioners. The record reflects that the proposed subdivision was reduced from six lots to five lots as the result of suggestions made by the Planning Board during the approval process. Town Law § 276 (3) permits a planning board to suggest or require modifications, and nothing therein requires or even suggests the need for a new public hearing. Indeed, Town Law § 276 (4) specifically provides that a planning board may waive a public hearing following the submission of a revised or modified subdivision plat. At a February 11, 1988 meeting, the members of the Planning Board debated the issue of whether a new application or a new public hearing was necessary as the result of the modification of Pro-Craft's proposed plat and

concluded that neither was necessary, thus implicitly waiving a second public hearing.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.