■ In the Matter of RONALD CREPEAU et al., Appellants, v ZONING BOARD OF APPEALS OF THE VILLAGE OF CAMBRIDGE et al., Respondents. [600 NYS2d 821] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered March 13, 1992 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as being barred by the Statute of Limitations.

On March 25, 1991, Walter Dunbar applied to respondent Zoning Board of Appeals of the Village of Cambridge (hereinafter the ZBA) for a use variance permitting his property in Washington County to be used as a parking lot, a storage facility and for vehicle repair. Petitioners are owners of property across the street from Dunbar who appeared at the April 1991 meeting of the ZBA and opposed the application. The variance was subsequently granted and a copy of the ZBA's determination was filed with the Village Clerk on June 19, 1991.

Petitioners commenced this CPLR article 78 proceeding on September 20, 1991 seeking annulment of the determination. Respondents moved to dismiss the petition as time barred under Village Law former § 7-712 (3). Supreme Court granted the motion, holding that the proceeding was untimely under the 30-day Statute of Limitations (Village Law former § 7-712 [3]). This appeal by petitioners followed.

Initially, we note that petitioners concede that Village Law former § 7-712 contained the applicable Statute of Limitations period (see, Matter of Kennedy v Zoning Bd. of Appeals, 78 NY2d 1083, 1084; Matter of Gagliardi v Board of Appeals, 188 AD2d 923, lv denied 81 NY2d 707), but contend this time limitation should not have commenced running because the ZBA failed to comply with certain procedural requirements of the statute. We find this argument unavailing.

Respondents concede that some minor procedural irregularities not in compliance with Village Law former § 7-712 occurred, but correctly argue that these errors did not toll the Statute of Limitations. Petitioners rely on Matter of McCartney v Incorporated Vil. of E. Williston (149 AD2d 597) to support their claim that absent strict compliance with all the procedural requirements of Village Law former § 7-712, the Statute of Limitations is tolled indefinitely. We disagree. A balanced reading of Matter of McCartney and a review of the case law relied upon by that Court (see, Matter of De Bellis v Luney, 128 AD2d 778; Matter of Stanley v Board of Appeals, 168 Misc 797) instead reveals a rule which holds that, absent a clear showing in the record that the Board of Appeals acted formally as a body in making its determination, or when such a determination cannot be conclusively made from the record, the 30-day Statute of Limitations did not commence to run. This rule conforms with CPLR article 78 because unless a Board of Appeals acts as a body, there can be no determination subject to review (see, CPLR 7803 [3]). The proof submitted here established that the ZBA acted as a body at its May

1991 meeting and cast a vote of 4 to 0 in favor of the variance. We find no reason in this case to create a toll where there is no statute to justify such action *(see, Matter of King v Chmielewski,* 76 NY2d 182, 187).

We further reject petitioners' argument that the lack of notice that the variance would be finally considered at the May 1991 meeting (instead of June 1991 as allegedly promised) is a jurisdictional defect which nullifies the determination. Village Law former § 7-712 (2) (c) requires that public notice be published in a village newspaper not less than 10 days prior to the hearing of the appeal. This notice was duly given prior to the April 1991 meeting at which the ZBA heard all comments for and against the variance, including those from petitioners, before adjourning the proceeding. Given that proper notice and an opportunity to be heard was provided, the determination is not void and the Statute of Limitations appropriately began to run on June 19, 1991 when it was filed with the Village Clerk *(see, Matter of Gagliardi v Board of Appeals, supra; Matter of Pickett v Town of Tusten Zoning Bd. of Appeals,* 169 AD2d 906, 907).

The remaining arguments have been examined and found to be unpersuasive. Petitioners' claim that the ZBA failed to comply with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) was clearly untimely and cannot be considered. A challenge based upon alleged noncompliance with SEQRA must be instituted within the proscribed time limit following a decision that renders final the consideration of SEQRA issues *(see, Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 78 NY2d 608, 613).* The Statute of Limitations governing a SEQRA challenge in this case is the shorter Statute of Limitations contained in Village Law former § 7-712 (3) *(see, e.g., Matter of Haggerty v Planning Bd.,* 166 AD2d 791, 792, *affd* 79 NY2d 784). This 30-day time limitation commenced when the ZBA's determination was filed with the Village Clerk, at which time the determination became binding, aggrieved petitioners and committed the ZBA

---

* Contrary to petitioners' arguments, the case of *Matter of Sun Beach Real Estate Dev. Corp. v Anderson* (98 AD2d 367, *affd on opn below* 62 NY2d 965) does not mandate a different result. Unlike the situation at bar, in *Sun Beach* the planning board's SEQRA review had been commenced but had not been completed prior to the time for issuance of a preliminary plat approval, and it was held that the applicable Statute of Limitations should not commence until the SEQRA review was complete and a proper decision made. In this case, it is readily apparent that the ZBA had already finally considered what, if any, attention to SEQRA it chose to undertake at the time its final determination with respect to the use variance was made.

to a course of action which could affect the environment *(see, Matter of Hickey v Planning Bd.,* 173 AD2d 1086, 1088; *Matter of Haggerty v Planning Bd., supra).* Inasmuch as petitioners failed to challenge the determination within that time period, their SEQRA challenge is also untimely.

Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed, without costs.