■ In the Matter of PURCHASE ENVIRONMENTAL PROTECTIVE ASSOCIATION, INC., Appellant, v TOWN BOARD OF THE TOWN/VILLAGE OF HARRISON et al., Respondents. (Matter No. 1.) In the Matter of PURCHASE ENVIRONMENTAL PROTECTIVE ASSOCIATION, INC., Respondent-Appellant, v VINCENT J. MASUCCI et al., Appellants-Respondents. (Matter No. 2.) [615 NYS2d 444] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board and Planning Board of the Town and Village of Harrison, granting a special exception use permit and site plan approval for construction of faculty housing on the campus of Manhattanville College (Matter No. 1), and a hybrid proceeding action pursuant to CPLR article 78 and CPLR 3017 (b) for, *inter alia,* an injunction to halt construction of faculty housing on the campus of Manhattanville College (Matter No. 2), the Purchase Environmental Protective Association, Inc., appeals (1) from so much of an order of the Supreme Court, Westchester County (Carey, J.), entered January 24, 1991, as dismissed its first, second, and seventh causes of action in Matter No. 1 on the ground that they were time-barred; (2) from so much of an order of the same court entered May 7, 1991, as dismissed its fifth and sixth causes of action in Matter No. 1; (3) from so much of an order of the same court, entered December 24, 1991, in Matter No. 1, as (a) upon reargument adhered to the determination to dismiss the first, second, and seventh causes of action as time-barred and (b) denied so much of its third cause of action as sought to have the special permit and site plan approval vacated on the ground that the planned use of the building by the respondent Manhattanville College did not constitute a use incidental to the main use of the College; (4) from so much of an order of the same court, entered March 24, 1992, in Matter No. 1, as (a) denied its application for an order directing the faculty of Keio University to vacate the subject building, and (b) denied its application for an account of Manhattanville College's "related transactions" with Keio University; and (5) from so much of an order and judgment (one paper) of the same court, entered July 17, 1992, as dismissed its petition for lack of standing in Matters No. 1 and No. 2. In Matter No. 2 Vincent J. Masucci and the Village of Harrison and Manhattanville College separately appeal

from so much of the order entered December 24, 1991, as vacated certain building permits issued to Manhattanville College, and the Purchase Environmental Protective Association, Inc., cross-appeals from so much of the same order as denied its application for a permanent injunction.

Ordered that the appeal from the order entered January 24, 1991, is dismissed, as that order was superseded by the order entered December 24, 1991, made upon reargument; and it is further,

Ordered that the appeals from the orders entered May 7, 1991, December 24, 1991, and March 24, 1992, and the cross appeal from the order entered December 24, 1991, are dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeals and cross appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeals and cross appeal from those orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Purchase Environmental Protective Association, Inc. (hereinafter PEPA) contends that the court erroneously dismissed its first, second, fifth, sixth, and seventh causes of action in Matter No. 1 as being time-barred. These causes of action all pertain to the respondents' alleged failures to fully comply with the State Environmental Quality Review Act (hereinafter SEQRA) (see, ECL art 8) and the regulations promulgated thereunder.

The record establishes that the Planning Board, which had been designated "lead agency" for SEQRA purposes, made its final SEQRA determination no later than April 24, 1990, at a public hearing. The minutes of the April 24th meeting were undisputedly filed with the Town Clerk on May 22, 1990. Since the instant proceeding was commenced on June 24, 1990, more than 30 days after the filing of the minutes, PEPA's fifth, sixth and seventh causes of action in Matter No. 1, were properly dismissed on the ground that they are time-barred (see, Town Law § 274-a [3]; *Matter of Casement v Town of Poughkeepsie Planning Bd.*, 162 AD2d 685, 687).

Further, we conclude that PEPA lacks standing to raise the

remaining causes of action asserted in its petition in Matter No. 1 and its petition/complaint in Matter No. 2 *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413-414; *see also, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773-774).

In light of the above, we need not reach the parties' remaining contentions. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.