■ In the Matter of KEITH McNEILL et al., Appellants, v TOWN BOARD OF THE TOWN OF ITHACA, Respondent. [688 NYS2d 747] —Mikoll, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered September 14, 1998 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as, *inter alia*, untimely.

Petitioners commenced this CPLR article 78 proceeding to annul respondent's enactment of Local Laws, 1998, No. 3 of the Town of Ithaca, which amended the Town of Ithaca's zoning map to permit construction of a 56-unit apartment facility known as Mecklenberg Heights Apartments, on the ground that it was enacted in violation of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Supreme Court granted respondent's motion to dismiss the petition, concluding that petitioners failed to join a necessary party, the Town of Ithaca Planning Board, and that mandatory joinder would not be ordered because the claim was otherwise time barred. Petitioners appeal.

We affirm. Upon receipt of the developer's petition for rezoning, site plan approval and subdivision approval, respondent designated its Planning Board as lead agency for the purpose of SEQRA review. The Planning Board issued a negative declaration of environmental significance which was filed with the Town Clerk on February 5, 1998. Its resolution giving preliminary site plan and subdivision approval to the project, and recommending adoption of a rezoning resolution by respondent, was filed with the Town Clerk on March 5, 1998. The rezoning was effected with the passage of Local Laws, 1998, No. 3 of the Town of Ithaca on March 30, 1998. This proceeding was commenced on May 14, 1998.

Although petitioners' challenge was ostensibly directed at

Local Law No. 3, the actual basis of their claim is the alleged impropriety of the SEQRA review conducted by the Planning Board. It is well settled that a court may not adjudicate a dispute raised in a CPLR article 78 proceeding unless the governmental agency which performed the challenged action is a party thereto (*see, Matter of Commco, Inc. v Amelkin*, 62 NY2d 260, 263; *Matter of Garden City Ctr. Assocs. v Incorporated Vil. of Garden City*, 193 AD2d 740, *lv denied* 82 NY2d 658; *Matter of Watt v Town of Gaines*, 140 AD2d 947, *lv dismissed, lv denied* 72 NY2d 1040; *Phillips v Village of Oriskany*, 57 AD2d 110, 113; *Matter of D.J.R. Dev. Corp. v Town Bd.*, 47 AD2d 986). Consequently, the Planning Board was a necessary party to this proceeding.

Further, Supreme Court properly declined to order joinder of the Planning Board pursuant to CPLR 1001 (b) as the proceeding was in any event untimely commenced. The governing Statute of Limitations is found in Town Law § 274-a (11), under which a proceeding to review a board decision must be commenced within 30 days after the filing of such decision in the office of the town clerk. Where the challenged action relates to SEQRA review, the limitations period commences with the filing of a decision which represents the final determination of SEQRA issues, notwithstanding the fact that such determination may be embodied in preliminary or conditional plan approvals (*see, Matter of Long Is. Pine Barrens Socy. v Planning Bd.*, 78 NY2d 608, 613; *see also, Matter of Purchase Envtl. Protective Assn. v Town Bd.*, 207 AD2d 351, 352; *Matter of Crepeau v Zoning Bd. of Appeals*, 195 AD2d 919, 920; *Matter of Parker v Town of Gardiner Planning Bd.*, 184 AD2d 937, 939, *lv denied* 80 NY2d 761; *Matter of Hickey v Planning Bd.*, 173 AD2d 1086, 1088). This rule is consonant with the goals of identifying environmental issues and resolving them with finality as early as possible in the planning process (*see, Matter of Long Is. Pine Barrens Socy. v Planning Bd., supra*, at 615). Here, as noted, the essence of petitioners' claim concerns the SEQRA review conducted by the Planning Board, which was completed upon the issuance of the negative declaration. The limitations period was triggered by the filing of the negative declaration on February 5, 1998. This proceeding, commenced on May 14, 1998, was therefore untimely.

Cardona, P. J., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.