■ In the Matter of J.B. REALTY ENTERPRISE CORPORATION, Appellant, v CITY OF SARATOGA SPRINGS et al., Respondents. [704 NYS2d 742] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered March 25, 1999 in Saratoga County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Design Review Commission of the City of Saratoga Springs approving the construction of three pavilions in a public park.

Petitioner owns an apartment complex located on High Rock Avenue in the City of Saratoga Springs, Saratoga County, across from property owned by respondent City of Saratoga Springs known as High Rock Park. Due to the fact that High Rock Park is situated within the historic district of the City, the removal, addition or alteration of any park feature is subject to approval by respondent Design Review Commission of the City (hereinafter DRC) under the City zoning ordinance. In April 1998, respondent Department of Public Works of the City (hereinafter DPW) submitted an application to DRC for approval of the construction of three open air pavilions and a small restroom on a 0.5-acre parcel within High Rock Park. The application was motivated by the desire of the Saratoga Farmer's Market Association (hereinafter SFMA) and City officials to find a new location for the farmer's market which was

held for four hours twice a week between the months of May and October. The application was subsequently revised to reflect that the proposed pavilions would not only house the farmer's market but would also be available to community organizations for multipurpose recreational activities.

In connection with its application, DPW submitted a full environmental assessment form (hereinafter EAF) detailing the environmental impacts which the proposed project would have on the surrounding area, all of which were characterized as small to moderate. The EAF referred, *inter alia*, to the presence of archaeological artifacts at the site and indicated that an investigation would be undertaken to avoid disturbance during construction. At a May 21, 1998 meeting, DRC tabled the application for further review by the City attorney and City planner. DRC held another meeting on July 9, 1998 during which it designated itself the lead agency for purposes of reviewing the matter as a type I action under the State Environmental Quality Review Act (ECL art 8 [hereinafter SE-QRA]). At the conclusion of the meeting, DRC issued a negative declaration of environmental significance conditioned upon, *inter alia*, the retention of an archaeological consultant to conduct a site investigation of the project and mitigation of any adverse impacts. DRC approved DPW's revised application subject to the submission of a detailed design for the restroom, stairway, signage and landscaping. A written notice of approval was filed in DRC's official records on July 9, 1998.

On September 4, 1998, the archaeological consultant recommended that construction proceed without further archaeological data recovery. Construction commenced and the first pavilion was completed at the end of October 1998. A written negative declaration of environmental significance was formally issued by DRC on November 25, 1998.

In the meantime, on September 29, 1998, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment against the City, DRC and DPW. Petitioner alleged, as a first cause of action, that DRC failed to comply with the requirements of the Environmental Conservation Law, particularly SEQRA, and the City zoning ordinance in approving DPW's revised application. As a second cause of action, petitioner alleged that DRC's approval violated certain restrictions contained in deeds and letters patent conveying the property comprising High Rock Park to the City. In its third and fourth causes of action, petitioner sought injunctive relief and a declaratory judgment. Following joinder of issue, Supreme Court dismissed the proceeding/action in its entirety resulting in this appeal.

As part of its first cause of action, with regard to zoning, petitioner contends that use of the subject property to operate a farmer's market is inconsistent with the provisions of the City zoning ordinance governing permissible uses of lands designated as "Institutional-Park & Recreation" and that DRC failed to comply with appropriate procedures in approving the project. With respect to SEQRA, petitioner maintains that DRC erred in issuing a negative declaration in a type I action, did not undertake the requisite "hard look" at potential adverse effects of the project and inappropriately issued a "conditional" negative declaration. In view of the above and other alleged errors, petitioner asserts that DRC's approval of DPW's revised application was arbitrary and capricious.

Based upon this record, we find the claims asserted by petitioner in its first cause of action to be time barred. General City Law § 82 (1) provides, in pertinent part, that a CPLR article 78 proceeding may be commenced by "[a]ny person or persons * * * aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the city" provided it is instituted "within thirty days after the filing of a decision in the office of the board." Petitioner's papers reveal that the gravamen of its complaint lies with DRC's approval of DPW's revised application under the City zoning ordinance which included, as a part of that review process, an evaluation of the project under SEQRA. We have recognized that "since SEQRA determinations are often preliminary steps in a project's decision-making process, the Statute of Limitations begins to run only when that decision-making process is completed, i.e., when the determination is 'final and binding' " (*Matter of Wing v Coyne*, 129 AD2d 213, 216, quoting *Matter of Save the Pine Bush v City of Albany*, 117 AD2d 267, 269, *mod on other grounds* 70 NY2d 193). The determinative inquiry is when the agency has committed itself to "a definite course of future action" (*Matter of Price v County of Westchester*, 225 AD2d 217, 220; *see, Matter of Young v Board of Trustees*, 89 NY2d 846, 848-849; *Matter of Wing v Coyne, supra*, at 217).

Here, DRC made a commitment to approve the project on July 9, 1998 when it issued a negative declaration of environmental significance and filed a written notice of decision memorializing the approval. DRC's imposition of the requirement that DPW submit a detailed design for the restroom, stairway, signage and landscaping did not undermine the finality of the approval inasmuch as these matters were ancillary to the primary request of the application, namely, construction of the pavilions. There is no indication that DPW's failure to

submit an acceptable design would have resulted in DRC's withdrawal of its approval of the entire project. Moreover, the contingencies relating to the archaeological investigation did not render the SEQRA determination nonfinal inasmuch as they concerned mitigation of the potentially adverse effects of the construction upon archaeological artifacts. Notably, the contingencies did not evince an intention by DRC to abandon the project if artifacts were discovered.

Therefore, we conclude that DRC's approval of the application under the City zoning ordinance and its concomitant environmental assessment under SEQRA was, for all intents and purposes, final on July 9, 1998 (see, e.g., Matter of Long Is. Pine Barrens Socy. v Planning Bd., 78 NY2d 608, 614; Matter of Price v County of Westchester, supra, at 220). The instant combined CPLR article 78 proceeding and action for declaratory judgment was not commenced until September 29, 1998, more than 30 days after the filing of the notice of decision. Hence, it is untimely with respect to the claims alleged in petitioner's first cause of action (see, General City Law § 82 [1]; see generally, Matter of Purchase Envtl. Protective Assn. v Town Bd., 207 AD2d 351; Matter of Parker v Town of Gardiner Planning Bd., 184 AD2d 937, 939, lv denied 80 NY2d 761).

The claims asserted by petitioner in its second cause of action involve certain restrictions contained in deeds and letters patent conveying the High Rock Park property to the City. In particular, petitioner asserts that the use of High Rock Park by the SFMA violates restrictions contained in letters patent conveying a portion of the park from the State to the City in 1964 and requiring that said property be used for "local park and recreational purposes." Petitioner further contends that such use violates the restrictive covenants contained in a 1985 deed from the Saratoga Springs Urban Renewal Agency transferring another portion of the park to the City and requiring the City to comply with the specific controls and uses set forth in the urban renewal plan for the Spring Valley North Urban Renewal Project. These claims are governed by the two-year Statute of Limitations contained in RPAPL 2001 and are not time barred. Nevertheless, based upon our review of the record herein, we find them to be without merit.

Initially, we perceive no conflict in the construction of the open air community pavilions and attendant structures in High Rock Park with the provision in the letters patent requiring the subject property to be used for "local park and recreational purposes." Contrary to petitioner's claim, the pavilions are not reserved for exclusive use by the SFMA to conduct the farmer's

market but are available for use by other community groups. Notably, the Saratoga 4-H Club is a community organization which has also been granted permission to use the pavilions. Inasmuch as other community groups have access to the pavilions for the benefit of the public, DRC's approval of the revised application did not violate the letters patent. Petitioner's reliance on *Matter of Lake George Steamboat Co. v Blais* (30 NY2d 48) is misplaced insofar as that case is factually distinguishable from the case at hand.

Likewise, the construction of the pavilions and attendant structures is not contrary to the urban renewal plan. The plan provides, with regard to "Public Park and Open Space", that permitted uses include "landscaped open space, active or passive recreation facilities, spring houses, and buildings accessory to and necessary for these stated purposes and off-street parking limited to serve only park or open space uses." In our view, the subject improvements are consistent with the "active or passive recreation facilities" and accessory buildings contemplated by the plan. Therefore, DRC's approval of the revised application does not run afoul of the restrictive covenants contained in the deed from the Saratoga Springs Urban Renewal Agency.

In view of the above, dismissal of petitioner's first and second causes of action was appropriate. Inasmuch as petitioner's third and fourth causes of action for injunctive and declaratory relief are premised upon the allegations contained in the first two causes of action, dismissal of these causes of action was proper as well. We have considered petitioner's remaining contentions and find them to be without merit.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.