█ In the Matter of RUSSELL ZIEMBA, as President of the Historic Action Network, et al., Appellants, v CITY OF TROY et al., Respondents. [743 NYS2d 199] —Rose, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered April 13, 2001 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, granted the motion of respondents Charles Freihofer Baking Company, Inc. and Catskill Associates, LLC to dismiss the petition against them as time barred and, sua sponte, dismissed the petition against the remaining respondents based upon the absence of necessary parties.

After respondent City of Troy Planning Commission (hereinafter the Commission) issued a negative declaration under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) for the proposed demolition of a building and construction of a new drug store, petitioners Russell Ziemba and Thomas Blandy, individually and as officers of petitioner Historic Action Network, and the Historic Action Network commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging the Commission's declaration. The original respondents—the Commission, the

City of Troy, the City's Mayor and Corporation counsel and the Commission's chair—moved to dismiss the petition on various grounds, including failure to join Freihofer Baking Company, Inc. (hereinafter Freihofer), the property owner, and Catskill Associates, LLC (hereinafter Catskill), the applicant for site plan approval, as necessary parties. In response, Ziemba, Blandy and the Historic Action Network moved for leave to join Freihofer and Catskill as respondents, and four members of the Historic Action Network moved to intervene as petitioners. Supreme Court partially granted the original respondents' motion by dismissing the petition as to the City's Mayor and Corporation Counsel and the individual claims of Ziemba and Blandy, but it also granted leave to join Catskill and Freihofer subject to any statute of limitations defense they might have.

After being joined, Freihofer and Catskill moved to dismiss the petition pursuant to CPLR 3211 (a) (5) on the ground that the proceeding was not commenced within the 30-day limitations period contained in General City Law § 27-a (11). Finding that the Commission's decision was filed no later than April 3, 2000, that Freihofer and Catskill were not joined until September 12, 2000 and that the statute of limitations was not tolled during the pendency of petitioners' joinder motion, Supreme Court granted the motion. Supreme Court then, sua sponte, dismissed the petition as to all other respondents because it deemed Freihofer and Catskill necessary parties without which the matter could not proceed. Petitioners now appeal, contending that the evidence presented by Freihofer and Catskill regarding the filing of the Commission's decision with the City Clerk is insufficient to meet their burden to establish when the applicable 30-day limitations period began to run.

As there is no dispute that General City Law § 27-a is applicable here and that its limitations period would have commenced upon the filing of the SEQRA determination to be reviewed (*see, Matter of McNeill v Town Bd. of Town of Ithaca*, 260 AD2d 829, 830, *lv denied* 93 NY2d 812), the threshold issue is whether there was prima facie proof of the date of filing (*see, Hoosac Val. Farmers Exch. v AG Assets*, 168 AD2d 822, 823). Such proof may be established through affidavits of individuals having actual knowledge of the date of such filing (*see, Matter of Gagliardi v Board of Appeals of Vil. of Pawling*, 188 AD2d 923, 923-924, *lv denied* 81 NY2d 707; *Matter of Pickett v Town of Tusten Zoning Bd. of Appeals*, 169 AD2d 906, 907).

Here, Freihofer and Catskill offered the affidavits of Lawrence Quinn, the City Clerk, and Timothy Mattice, an assistant planner. Quinn, however, does not state when the negative declaration involved here was filed, or even that it was on file as of the date of his affidavit. Rather, Quinn merely confirms the general interoffice mailing procedure described by Mattice. In his initial affidavit, Mattice established the procedures normally employed and, based upon a presumption that those procedures were followed here, concludes that the decision involved was sent to the City Clerk by interoffice mail on or about March 31, 2000, and would have been received by him no later than April 3, 2000. In his reply affidavit, dated November 8, 2000, Mattice avers that the decision referenced in his earlier affidavit is currently on file with the City Clerk. He does not, however, assert that the decision was either date-stamped, logged or actually received and filed by the City Clerk on any particular date, but again relies on the presumption that it must have been received no later than April 3, 2000. Thus, as Mattice's statements are conclusory, they are inadequate to establish when the decision was actually filed. As a result, there is no sound evidentiary basis for Supreme Court's finding that the decision was filed no later than April 3, 2000, and it was therefore error to rule that Freihofer and Catskill were joined after the expiration of the applicable statute of limitations (*see, Matter of Edwards v Coughlin,* 191 AD2d 1044, 1045; *cf., Matter of Ferrigan v Thompson,* 135 AD2d 953, 953, *appeal dismissed* 72 NY2d 854).

As this conclusion requires reversal of the dismissal of the petition as to all parties, it is not necessary for us to examine the correctness of Supreme Court's finding that Freihofer and Catskill are "indispensable" parties.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and motion denied.