Matter of Entergy Nuclear Indian Point 2, LLC v New York State Dept. of Envtl. Conservation (2004 NY Slip Op 24156)

Matter of Entergy Nuclear Indian Point 2, LLC v New York State Dept. of Envtl. Conservation

2004 NY Slip Op 24156 [3 Misc 3d 1070]

March 3, 2004

Supreme Court, Albany County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 21, 2004

[*1]
In the Matter of Entergy Nuclear Indian Point 2, LLC, et al., as Respective Owners of Indian Point 2 and Indian Point 3, et al., Petitioners,
v
New York State Department of Environmental Conservation et al., Respondents.

In the Matter of Mirant Bowline, LLC, Petitioner, v 
 New York State Department of Environmental Conservation et al., Respondents.
Supreme Court, Albany County, March 3, 2004

APPEARANCES OF COUNSEL

Eliot Spitzer, Attorney General, Albany (Lisa M. Burianek of counsel), for New York State Department of Environmental Conservation and another, respondents. Goodwin Procter LLP, Boston, Massachusetts (Elise N. Zoli of counsel), for Entergy Nuclear Indian Point 2, LLC, and others, petitioners. Couch White LLP, Albany (Morgan E. Parke of counsel), and McGuire Woods LLP, New York City (Philip Goldstein of counsel), for Mirant Bowline, LLC, petitioner. LeBoeuf, Lamb, Greene & MacRae LLP, Albany (Robert J. Alessi of counsel), for Dynegy Roseton, LLC, and another, respondents.

{**3 Misc 3d at 1071} OPINION OF THE COURT

Thomas W. Keegan, J. 
Petitioners have commenced CPLR article 78 proceedings challenging the final environmental impact statement (hereinafter FEIS) issued by the New York State Department of Environmental Conservation (hereinafter DEC) with respect to renewals of SPDES permits for several electricity generating facilities which use Hudson River water for cooling. The FEIS appears to be final in name only, as many issues have been left for future review. It is likely that the FEIS was issued in its present state in order to comply with the time limits contained in a consent order entered in a related proceeding, Brodsky v New York State Dept. of Envtl. Conservation (Sup Ct, Albany County, [*2]Index No. 7136-02). The petitions seek review of the FEIS on the grounds that the determination is arbitrary and capricious, an abuse of discretion and contrary to law. In addition, the petitions seek to compel filing of a written findings statement and a determination of the SPDES permit renewal application.
The state respondents have moved to consolidate these two proceedings with the Brodsky proceeding and to dismiss the petitions for lack of subject matter jurisdiction on the ground that there has been no reviewable final determination because the permit applications have not been determined. The Entergy petitioners have moved to strike an affirmation and an affidavit submitted in support of the motion to dismiss on the grounds that they are unduly prejudicial and not relevant to the motion to dismiss. Nonparties Riverkeeper, Inc., Scenic Hudson, Inc., Natural Resources Defense Counsel, Inc. and Richard Brodsky, in his individual capacity and official capacity, have moved for leave to intervene.
The DEC is seeking to establish a bright line test for when a determination under the State Environmental Quality Review Act (SEQRA) is final and subject to judicial review. In general, most SEQRA decisions are preliminary steps in the decision making {**3 Misc 3d at 1072}process and are not subject to judicial review (see Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation, 260 AD2d 920, 921 [1999]). Thus, negative declarations have been held not to be final (see Matter of Group for S. Fork v Wines, 190 AD2d 794 [1993]; Matter of East Coast Props. v City of Oneida Planning Bd., 167 AD2d 641 [1990]; Village of Skaneateles v Board of Educ. of Skaneateles Cent. School Dist., 180 Misc 2d 591 [1999]). Positive declarations have also been held not to be final (see Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation, supra; Matter of PVS Chems. [N.Y.] v New York State Dept. of Envtl. Conservation, 256 AD2d 1241 [1998]), as have final environmental impact statements (see Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland, 220 AD2d 90 [1996]). However, under certain circumstances each of these SEQRA determinations has been held to be final and subject to judicial review (see Matter of Stop-The-Barge v Cahill, 1 NY3d 218 [2003] [negative declaration]; Matter of Ziemba v City of Troy, 295 AD2d 693 [2002] [negative declaration]; Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y., 224 AD2d 95 [1996] [negative declaration]; Matter of Gordon v Rush, 100 NY2d 236 [2003] [positive declaration]; Town of Red Hook v Dutchess County Resource Recovery Agency, 146 Misc 2d 723 [1990] [FEIS]).
"An agency's action is considered final for purposes of review when a pragmatic evaluation reveals a definitive position that inflicts actual harm (see Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998])." (Matter of Demers v New York State Dept. of Envtl. Conservation, 3 AD3d 744, 746 [2004].) It has also been held that a determination is final when an agency has committed itself to a definite course of action (see Matter of Young v Board of Trustees of Vil. of Blasdell, 89 NY2d 846 [1996]; Matter of J.B. Realty Enter. Corp. v City of Saratoga Springs, 270 AD2d 771, 773 [2000]; Matter of Monteiro v Town of Colonie, 158 AD2d 246, 249 [1990]). However, "a determination will not be deemed final because it stands as the agency's last word on a discrete legal issue that arises during an administrative proceeding. There must additionally be a finding that the injury purportedly inflicted by the agency may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party. If further agency proceedings might render the disputed issue moot or academic, then the agency position cannot be considered definitive{**3 Misc 3d at 1073} or the injury actual or concrete" (Matter of Essex County v Zagata, 91 NY2d 447, 453-454 [1998] [internal quotation marks and citations omitted]). Such general principles have given rise to confusion as to when a proceeding may or must be brought. The problem is compounded by the fact that courts will often look to subsequent procedures or delays when determining if a proceeding should have been brought at an earlier time (see Matter of Stop-The-Barge v Cahill, 1 NY3d 218 [2003], supra; Matter of Group for S. Fork v Wines, 190 AD2d 794 [1993], supra; Matter of East Coast Props. v City of Oneida Planning Bd., 167 AD2d 641 [1990], supra).
There are certain factual circumstances concerning whether SEQRA review is deemed final which will usually result in a predictable outcome. When there are multiple agencies [*3]involved, with one agency performing SEQRA and all environmental review and a different agency addressing other policy considerations and undertaking the ultimate action, the SEQRA determination will usually be held to be final (see Matter of Stop-The-Barge v Cahill, supra; Matter of Throggs Neck Resident Council v Cahill, 290 AD2d 324 [2002]; Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton, 279 AD2d 756 [2001]; Matter of McNeill v Town Bd. of Town of Ithaca, 260 AD2d 829 [1999]; cf. Matter of Cold Spring Harbor Area Civic Assn. v Suffolk County Dept. of Health Servs., 305 AD2d 499 [2003]). Where the challenge involves subdivision approval, a proceeding must be brought within the appropriate time after preliminary plat approval, rather than final approval (see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 78 NY2d 608 [1991]; Matter of Hickey v Planning Bd. of Town of Kent, 173 AD2d 1086 [1991]; see also Matter of Monteiro v Town of Colonie, 158 AD2d 246 [1990], supra). In addition, when an agency seeks to proceed without any jurisdiction, a SEQRA determination may be final for review purposes (see Matter of Gordon v Rush, 100 NY2d 236 [2003], supra; Matter of Demers v New York State Dept. of Envtl. Conservation, 3 AD3d 744 [2004], supra).
It appears that petitioners commenced these proceedings in an abundance of caution in order to protect their rights to seek judicial review of the FEIS. However, in the instant proceeding, DEC is the agency responsible for determination of environmental considerations and issuance of the permit. The FEIS on its face indicates that considerably more environmental review is necessary and is specifically contemplated. Indeed, the petitions contend {**3 Misc 3d at 1074}that the FEIS is improper because it does not finalize environmental review. Moreover, while the petitions object to whether SEQRA review is even appropriate and to reliance upon a regulation which was allegedly improperly promulgated, they do not contend that DEC did not have jurisdiction to undertake SEQRA review. Rather, they contend that it was arbitrary and capricious to do so. It is therefore clear that petitioners' alleged harm may be rendered moot or significantly mitigated by further agency action taken with appropriate jurisdiction, and further, that environmental review is not complete.
Accordingly it is determined that there has been no final agency determination subject to judicial review. The motion to dismiss shall therefore be granted with respect to those causes of action which challenge the FEIS on the merits. Such dismissal is without prejudice to any further proceedings challenging the final determination of the permit applications on SEQRA grounds.
The petitions also seek relief in the nature of mandamus to compel a findings statement and a determination of the applications for permit renewals. While it is likely that the Entergy petitioners have waived any such claims by entering into the consent agreement in the Brodsky proceeding, which set forth a time line for various stages of the permit application process, the state respondents have not sought dismissal on that ground. It is also possible that issuance of the draft permit may have rendered the mandamus relief moot. The state respondents do not seek dismissal on that ground either, and these issues have not been addressed by any of the parties. Since a final determination is not a prerequisite of a proceeding in the nature of mandamus to compel, the motion to dismiss shall be denied with respect to such causes of action.
With respect to the motion to consolidate these proceedings with the Brodsky matter, it is possible that these proceedings will be dismissed on the above-stated grounds. Under such circumstances, consolidation would be inappropriate. Accordingly the motion is hereby denied without prejudice to renew when the petition is renoticed. The court also finds that the affirmation of William Little and the affidavit of Betty Ann Hughes contain significant factual statements which are relevant to the allegations of the petition and the state respondents' motion to dismiss. The court is sufficiently able to differentiate between the hyperbole to which petitioner Entergy objects and the relevant factual statements. Accordingly the motion to strike the submissions is hereby denied.{**3 Misc 3d at 1075}
Petitioners have not submitted any formal opposition to the motion to intervene. However, the prior decision and order of this court in the Brodsky proceeding held that Assemblyman Brodsky did not have capacity to sue in his official capacity. The proposed [*4]intervenors have not distinguished such holding. Accordingly, the motion to intervene shall be granted as to intervenor-respondents Riverkeeper, Inc., Scenic Hudson, Inc., Natural Resources Defense Counsel, Inc. and Richard Brodsky, in his individual capacity.