Matter of Karamalla v Devine (2018 NY Slip Op 01718)





Matter of Karamalla v Devine


2018 NY Slip Op 01718


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


113 CA 16-01603

[*1]IN THE MATTER OF YOUSIF KARAMALLA, PETITIONER-PLAINTIFF-RESPONDENT,
v
SHARON DEVINE, EXECUTIVE DEPUTY COMMISSIONER, NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE, RESPONDENT-DEFENDANT-APPELLANT, ET AL., RESPONDENT-DEFENDANT. 






ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT SHARON DEVINE, EXECUTIVE DEPUTY COMMISSIONER, NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY



 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered July 5, 2016 in a hybrid CPLR article 78 proceeding, declaratory judgment action, and action under 42 USC § 1983. The order granted petitioner-plaintiff's application for certification of a class. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding, declaratory judgment action, and action under 42 USC § 1983 on behalf of himself and a purported class of individuals who had been or would be denied Safety Net Assistance (SNA), a form of public assistance, based on their temporary protected immigration status (TPS). Petitioner sought, inter alia, the annulment of the determination of the New York State Office of Temporary and Disability Assistance (OTDA) affirming the denial of his application for SNA benefits by the Erie County Department of Social Services (DSS); a declaration that OTDA's denial of SNA benefits to him and members of the class violated their equal protection rights under the New York State and Federal Constitutions; certification of a class; and an order directing OTDA to identify and redetermine the eligibility of all class members who were denied SNA benefits as a result of their TPS, and to provide all identified class members with written notice of the redetermination of their eligibility. Supreme Court determined, inter alia, that the denial of SNA benefits based on TPS was unlawful and directed DSS to redetermine petitioner's eligibility to receive those benefits. As relevant to this appeal, the court also issued a class certification order certifying a class of "[a]ll past, present, and future applicants for [SNA] in New York State who filed or submitted, or who will file or submit, their applications to their local social services districts on or after June 17, 2012, and who were or are individuals granted TPS . . . ; and who were or will be denied [SNA] solely as a result of their immigration status." For the purpose of identifying members of the class, the court directed OTDA and DSS to "keep track and make a list" of future denials that are based on TPS, and for OTDA to "issue guidance to the county departments of social services" to examine where SNA was denied based on TPS. We affirm.
Respondent-defendant Sharon Devine, as Executive Deputy Commissioner of OTDA [*2](respondent) contends that petitioner's claim based on CPLR article 78 is subject to a four-month statute of limitations and, therefore, class members may obtain relief with respect to denials occurring only up to four months before the commencement of this proceeding. We note, however, that by failing to plead a statute of limitations defense in her answer, respondent has waived that contention (see CPLR 3018 [b]; 7804 [f]; Matter of Watt v Town of Gaines, 140 AD2d 947, 947 [4th Dept 1988], lv dismissed in part and denied in part 72 NY2d 1040 [1988]; see also Nichols v Diocese of Rochester [appeal No. 2], 42 AD3d 903, 905 [4th Dept 2007]). In any event, petitioner is seeking the same substantive relief with his equal protection claim asserted under 42 USC § 1983, which is subject to a three-year statute of limitations (see Mulcahy v New York City Dept. of Educ., 99 AD3d 535, 536 [1st Dept 2012]; see generally Barry v Cadman Towers, Inc., 136 AD3d 951, 952 [2d Dept 2016], lv denied 28 NY3d 913 [2017]; Acquest Wehrle, LLC v Town of Amherst, 129 AD3d 1644, 1646 [4th Dept 2015], appeal dismissed 26 NY3d 1020 [2015]).
Respondent's further contention that the order provides for retroactive relief is improperly raised for the first time on appeal (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, we conclude that the contention is premature inasmuch as the order does not grant retroactive benefits to the class members by directing redeterminations, as respondent contends, nor does it grant "notice relief" by directing OTDA to inform class members that they may have their eligibility reexamined, as petitioner contends. The class certification order merely certifies the class, directs OTDA and DSS to identify class members, and directs OTDA to issue guidance to the county departments of social services to examine denials in order to identify members of the class (see generally Matter of Town of Evans [International Bhd. of Elec. Workers, Local 41], 6 AD3d 1157, 1158 [4th Dept 2004]; Matter of Harris v Grey Adv., 180 AD2d 879, 880 [3d Dept 1992]).
Finally, respondent contends that the class certification order is overbroad because it includes future applicants who will be denied SNA solely as a result of their immigration status. We reject that contention and conclude that the court did not abuse its discretion by including in the certified class future applicants who might prospectively be denied SNA based solely on their TPS, where, as here, OTDA did not change its policy until several months after the court issued its order (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 398 [2014]). Contrary to respondent's contention, the fact that she issued a general information system message to the social service departments in October 2016, recommending that they follow the guidance provided by OTDA, did not render the inclusion of future applicants in the class unnecessary. The message was issued three months after the class certification order was entered, and thus it was proper for the court to make allowance in its order for those prospective class members who may have applied for benefits during that intervening period.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court