■ PATTERSON MATERIALS CORPORATION, Respondent, v TOWN OF PAWLING et al., Appellants, and GORDON DOUGLAS et al., Intervenors-Appellants. [694 NYS2d 708] —In an action for a judgment, *inter alia,* declaring that Local Laws, 1993, Nos. 1, 2, 3, and 4 of the Town of Pawling are null, void, illegal, and unconstitutional, (1) the defendants and the intervenors separately appeal, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), dated December 15, 1997, as granted the plaintiff's motion for summary judgment on the first four causes of action in the complaint, and (2) the intervenors appeal, as limited by their brief, from so much of the same order and judgment as, upon denying their cross motion for summary judgment declaring that Local Laws, 1993, Nos. 1, 2, 3, and 4 of the Town of Pawling are valid, declared that Local Laws, 1993, No. 1 of the Town of Pawling is null and void and Local Laws, 1993, Nos. 2, 3, and 4 of the Town of Pawling are null and void "insofar as they directly or indirectly apply to soil mining sites in the Town of Pawling".

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs, the plaintiff's motion is denied, the cross motion is granted, and it is declared that Local Laws, 1993, Nos. 1, 2, 3, and 4 of the Town of Pawling are valid.

The plaintiff, Patterson Materials Corporation, engages in surface mining and hard rock quarrying on a 38-acre parcel in the Town of Patterson, Putnam County. It seeks to expand its operations onto an adjacent 370-acre parcel in the Town of Pawling, Dutchess County (*see, Matter of Patterson Min. Corp. v Zagata,* 264 AD2d 525 [decided herewith]).

In this declaratory judgment action, the plaintiff, *inter alia,* challenged the validity of four local laws passed by the defendant Town Board of the Town of Pawling in 1993. The history of these enactments was previously outlined as follows in a prior appeal in this matter:

"At its March 9, 1993, meeting, the defendants, in their collective capacity as the members of the Town Board of the Town of Pawling, enacted four local laws. The first of these, Local Laws, 1993, No. 1 of the Town of Pawling, amended Chapter 50-7 of the Zoning Code of the Town of Pawling to remove quarrying and mining from the list of permitted uses in Pawling's residential districts (see, Local Laws, 1993, No. 1 of Town of Pawling). The second of these, Local Laws, 1993, No. 2, imposed various regulations upon the harvesting of timber within the Town. The remaining two local laws restricted various construction-related activities occurring on steep slopes, wetlands, and other environmentally sensitive areas within the Town (see, Local Laws, 1993, Nos. 3 & 4 of Town of Pawling).

"Prior to the passage of these four local laws, the Town Board issued a negative declaration to the effect that an environmental impact statement was not required in connection with the proposed local laws pursuant to State Environmental Quality Review Act (SEQRA)" (Patterson Materials Corp. v Town of Pawling, 221 AD2d 608, 609; see also, Patterson Materials Corp. v Town of Pawling, New York, 221 AD2d 609, 610).

Upon granting the plaintiff's motion for summary judgment and denying the intervenors' cross motion for summary judgment, the Supreme Court, inter alia, declared that Local Laws, 1993, No. 1 of the Town of Pawling was null and void and that Local Laws, 1993, Nos. 2, 3, and 4 of the Town of Pawling were void "insofar as they directly or indirectly apply to soil mining sites in the Town of Pawling". We reverse, deny the plaintiff's motion for summary judgment, grant the intervenors' cross motion for summary judgment, and declare that the four local laws are valid.

The plaintiff contends that in enacting Local Laws, 1993, No. 1 of the Town of Pawling, the Town Board failed to comply with the State Environmental Quality Review Act (see, ECL art 8). Specifically, the plaintiff argues that the Town Board failed to take the requisite "hard look" at potential environmental impacts and failed to make a "reasoned elaboration" of the basis for its determination that the local law would have a negative impact on the environment (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 688; see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). We disagree. In the instant case, the Town Board designated the Local Law as a "Type I" action, completed a Full Environmental Assessment Form, held a public hearing on the proposed local law on March 3, 1993, and adopted a

detailed and comprehensive negative declaration with respect to the proposed local law on March 9, 1993 (*see*, 6 NYCRR 617.4 [a] [1]). Among the various findings made in the negative declaration was that mining and quarrying in residentially-zoned districts would impinge upon the various goals of the Town's 1991 Master Plan, which were intended to "protect the Town's natural resources, natural beauty and small-town atmosphere". The possibility that mining would encroach upon the Town's several "environmentally sensitive areas" was also noted in the negative declaration. Under these circumstances, including the fact that the proposed action "would have only beneficial environmental effect" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia, supra,* at 690), the issuance of the negative declaration was neither arbitrary, capricious, nor made in violation of lawful procedure (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia, supra; see also, Matter of Kahn v Pasnik,* 90 NY2d 569; *Matter of Merson v McNally,* 90 NY2d 742; *cf., Matter of Nielsen v Planning Bd.,* 110 AD2d 767).

The plaintiff's contention that the Town Board should have considered, *inter alia,* the Statewide effects of its local prohibition of mining is without merit (*see, Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 80 NY2d 500, 513; *Matter of Niagara Recycling v Town Bd.,* 83 AD2d 335, *affd* 56 NY2d 859).

Local Laws, 1993, Nos. 2, 3, and 4 of the Town of Pawling are local laws of general applicability that, at best, would have an incidental burden upon mining. These local laws are therefore facially valid and a declaration to that effect should have been made by the Supreme Court (*see,* ECL 23-2703 [2] [a]; *Seaboard Contr. & Material v Town of Smithtown,* 147 AD2d 4, 8; *see also, Village of Savona v Knight Settlement Sand & Gravel,* 88 NY2d 897, 899; *Town of Throop v Leema Gravel Beds,* 249 AD2d 970, 971; *Matter of Town of Parishville v Contore Co.,* 237 AD2d 67). Any determination that these three local laws, as applied to a specific mining operation, are preempted by the Mined Land Reclamation Law (*see,* ECL art 23, tit 27), may not be made in the context of this declaratory judgment action (*see, Seaboard Contr. & Material v Town of Smithtown, supra).*

The plaintiff's remaining contentions are without merit (*see, Matter of Valley Realty Dev. Co. v Town of Tully,* 187 AD2d 963, 964; *cf., Matter of Cannon v Murphy,* 196 AD2d 498). Bracken, J. P., Sullivan, Goldstein and McGinity, JJ., concur.