In the Matter of PATTERSON MATERIALS CORPORATION, Formerly Known as PECKHAM MATERIALS, Appellant, v MICHAEL D. ZAGATA et al., Respondents. [694 NYS2d 711] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Department of Environmental Conservation as denied the petitioner's application for a mining permit for that portion of its property which is situated in the Town of Pawling, Dutchess County, and an action for a judgment declaring, *inter alia,* that the petitioner is entitled to a mining permit for that portion of its property which is situated in the Town of Pawling, Dutchess County, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered May 21, 1998, which dismissed the proceeding and, *inter alia,* declared that it is not entitled to a mining permit for that portion of its property which is situated in the Town of Pawling, Dutchess County.

Ordered that the judgment is affirmed, with costs.

As noted in the prior appeal in this matter, the central issue in this litigation is "whether the respondent New York State Department of Environmental Conservation (hereinafter the DEC), previously granted a mining permit encompassing all or part of the petitioner's 370-acre parcel located in the Town of

Pawling, Dutchess County" (*Matter of Patterson Materials Corp. v Zagata,* 237 AD2d 366, 367). Upon our review of the record now before us, we agree with the Supreme Court that no such permit was ever issued by the DEC. Rather, the record establishes that during the pertinent period, 1980 through 1981, the DEC merely renewed the petitioner's mining permit with respect to an adjacent 38-acre parcel in the Town of Patterson, Putnam County. This conclusion is supported by the site-plan map submitted as part of the May 5, 1981, application to renew the permit on the Putnam County site, the covering letter for the permit issued on May 13, 1981, as well as by the permit itself, which states that "there is no material change in permit conditions or scope of permit activities" (*see,* ECL 70-0115 [2]; *Matter of Fletcher Gravel Co. v Jorling,* 179 AD2d 286; *Matter of Guptill Holding Corp. v Williams,* 140 AD2d 12; *Matter of Atlantic Cement Co. v Williams,* 129 AD2d 84).

An application to extend mining to the 370-acre parcel in Dutchess County, dated July 10, 1980, had been referred to the Planning Board of the Town of Pawling (hereinafter the Planning Board). With DEC approval, the Planning Board had been declared the lead agency for the purpose of review under the State Environmental Quality Review Act (*see,* ECL art 8). The petitioner relies on this application as proof of the issuance of a permit for the 370-acre site. However, the application before the Planning Board was never granted and was ultimately abandoned by the petitioner. Therefore, the petitioner's reliance on the application dated July 10, 1980, is misplaced.

The petitioner's remaining contentions are without merit (*see,* ECL 70-0109 [4]). Bracken, J. P., Sullivan, Goldstein and McGinity, JJ., concur.