In the Matter of CITIZENS AGAINST SPRAWL-MART, by LEO F. ALCURI et al., Appellants, v PLANNING BOARD OF CITY OF NIAGARA FALLS et al., Respondents. (Appeal No. 2.) [778 NYS2d 394]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered September 10, 2003 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Respondent Planning Board of the City of Niagara Falls (Planning Board) approved the construction of a 53-acre retail shopping complex consisting of a Wal-Mart Super-

center parcel, a Sam's Club with an associated gasoline filling station parcel, and two additional proposed retail building parcels. The developer, respondent Benderson Development Company, Inc. (Benderson), submitted Part 1 of a full environmental assessment form (EAF) and, following public hearings and input from various agencies, the Planning Board, acting as lead agency, issued a negative declaration of environmental significance and granted site plan approval. Addressing first the judgment in appeal No. 2, we note that petitioners therein appeal from a judgment that dismissed the petition challenging the negative declaration under the State Environmental Quality Review Act ([SEQRA] ECL art 8) and resultant site plan approval.

We agree with petitioners that the failure of the Planning Board to complete Parts 2 and 3 of the full EAF nullifies its SEQRA negative declaration (*see* 6 NYCRR 617.6 [a] [2]). "[W]here a lead agency has failed to comply with SEQRA's mandates, the negative declaration must be nullified" (*Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 348 [2003]). Consequently, we reverse the judgment and grant the petition to nullify the negative declaration. In light of our determination, we do not reach petitioners' remaining contentions in appeal No. 2.

After the Planning Board approved the site plan, Benderson submitted applications to respondent Zoning Board of Appeals of the City of Niagara Falls (ZBA) for special use permits and area variances for signage. In appeal No. 1, petitioners appeal from a judgment that dismissed their petition seeking to annul the ZBA's special use permit and area variance approvals. Because there is no actual zoning controversy in light of our reversal in appeal No. 2, we dismiss as moot the appeal from the judgment in appeal No. 1 (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]). Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.