■ In the Matter of WITTENBERG SPORTSMEN'S CLUB, INC., Appellant, v TOWN OF WOODSTOCK PLANNING BOARD et al., Respondents. [792 NYS2d 661]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Spargo, J.), entered February 11, 2004 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Petitioner is the owner of 140 acres of vacant land in the Town of Woodstock, Ulster County, which is used by its members to hunt, fish and shoot at a shooting range which has been in existence since the 1950s. Respondent Catskill Mountain Cabins, LLC and its principal, respondent Cliff Lamm (hereinafter collectively referred to as Catskill), are the owners of 78 adjoining acres. Petitioner and Catskill share a boundary on the east for approximately 2,400 feet and a private unpaved right-of-way between 10 and 12 feet in width which first travels through Catskill's property for approximately 1,900 feet before reaching petitioner's property.

In 2002, Catskill submitted an application to respondent Town of Woodstock Planning Board (hereinafter Board) for a special use permit and site plan approval to develop vacation rental property. In response to questions raised as to whether the proposed development qualified as a "vacation colony" or "camp" under the Town of Woodstock Zoning Law (*see* Local Law No. 2 [1989] of Town of Woodstock §§ 6B-3, 6B-4), counsel for the Board, and later the Town of Woodstock Zoning Board of Appeals (hereinafter ZBA), classified the development as a "camp," and proceeded to review the application on that basis.*

After the Board approved the site plan and granted Catskill a special use permit, petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's determination. The Board moved to dismiss the petition by alleging, among other things, that petitioner failed to exhaust his administrative remedies and name the ZBA as a necessary party. Catskill moved for similar relief, adding that petitioner lacked standing. Supreme Court agreed that petitioner lacked standing and dismissed the petition on that basis. Petitioner appeals.

To have standing, petitioner was required to allege that it suffered "direct harm . . . that is in some way different from that of the public at large" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]) and that the injury "falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (*id.* at 773; *see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 409-410 [2000]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 412 [1987]; *Matter of Emmett v Town of Edmeston*, 3 AD3d 816, 817-818 [2004], *affd* 2 NY3d 817 [2004]). Where, as here, petitioner received mandatory notice of Catskill's application due to its close proximity to Catskill's property, a presumption of standing arises since the adjoining landowner is presumed to have suffered an injury-in-fact without the necessity of showing actual injury (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 414; *Matter of Oefelein v Town of Thompson Planning Bd.*, 9 AD3d 556, 557 [2004]).

In our view, petitioner proffered competent evidence to sup-

---

* On April 10, 2003, the ZBA, in its review of Catskill's application for an area variance, determined that the proposed development was more appropriately classified as a "camp" under the zoning law; no timely appeal was taken from the ZBA's determination.

port a finding that it has standing. Based on its proximity to Catskill's property, it is clear that the proposed structure falls within 500 feet of the shared right-of-way. Moreover, without assessing the ultimate impact of the project, it potentially increases the vehicular traffic on the shared right-of-way. Petitioner further alleges that because of the rifle range on its property, located within 500 feet of the shared boundary line, there are issues of safety which must be addressed in light of their inconsistent uses of the properties. For these reasons, petitioner suffers an injury different from that of the public generally and, considering that the alleged injuries fall within the zone of interest to be protected by the Town's zoning and land use ordinances, Supreme Court erred in finding that petitioner lacked standing (*see Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d 651, 652-653 [2004]; *compare Matter of Oefelein v Town of Thompson Planning Bd., supra*; *Matter of Gallahan v Planning Bd. of City of Ithaca*, 307 AD2d 684 [2003], *lv denied* 1 NY3d 501 [2003]; *Matter of Oates v Village of Watkins Glen*, 290 AD2d 758 [2002]; *Matter of Piela v Van Voris*, 229 AD2d 94 [1997]).

However, dismissal is still warranted. Petitioner's challenge is to both the Board's and the ZBA's interpretation of the proposed development as a "camp" and not a "motel." Petitioner never timely challenged the ZBA's April 10, 2003 determination on this issue, nor had it requested that the ZBA review the Board's classification of this project. While such an appeal might have been futile in light of the ZBA's April 10, 2003 determination (*see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140 [1995]; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]), "a court may not adjudicate a dispute raised in a CPLR article 78 proceeding unless the governmental agency which performed the challenged action is a party thereto" (*Matter of McNeill v Town Bd. of Town of Ithaca*, 260 AD2d 829, 830 [1999], *lv denied* 93 NY2d 812 [1999]; *see Matter of Emmett v Town of Edmeston, supra* at 818). With the failure to name the ZBA in this proceeding (*see Matter of Brancato v New York State Bd. of Real Prop. Servs.*, 7 AD3d 865, 867 [2004]) and the inability to now do so due to the lapse of the statute of limitations, dismissal of the proceeding on this basis is appropriate (*see id.*; *Matter of Emmett v Town of Edmeston, supra* at 819).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.