In the Matter of BATAVIA FIRST, by JO WILKES, as its President, et al., Respondents-Appellants, v TOWN OF BATAVIA et al., Appellants-Respondents. [811 NYS2d 236]—

Appeals and cross appeal from a judgment of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered December 15, 2004 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the first amended petition in part and annulled the negative declaration, site plan approval, special use permits, and area variances issued by respondents Planning Board of Town of Batavia and Zoning Board of Appeals of Town of Batavia.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by dismissing the first amended petition in its entirety and as modified the judgment is affirmed without costs.

Memorandum: In this CPLR article 78 proceeding, Supreme Court erred in granting the first amended petition in part and annulling the negative declaration, site plan approval, special use permits, and area variances issued by respondents Planning Board of Town of Batavia (Town Planning Board) and Zoning Board of Appeals of Town of Batavia. Pursuant to General Municipal Law § 239-m (1) (c), the Town Planning Board submitted to the Genesee County Planning Board (County Planning Board) all of the material that was in its possession, including Part 1 of the full environmental assessment form (EAF). The court erred in concluding that the Town Planning Board also was required to submit Parts 2 and 3 of the EAF to the County Planning Board as part of the "full statement of [the] proposed action" (§ 239-m [1] [c]) and in granting the first amended petition in part based on the Town Planning Board's failure to do so.

Part 1 of the EAF, which is prepared by the project sponsor, consists of "data and information about a given project and its site" (6 NYCRR 617.20, appendix A). Part 2 of the EAF, which is prepared by the lead agency (see 6 NYCRR 617.6 [a] [2]), consists of a series of questions concerning the project's range of possible environmental impacts, and whether those impacts "can be mitigated or reduced" (6 NYCRR 617.20, appendix A;

*see Matter of Merson v McNally*, 90 NY2d 742, 751 [1997]). Finally, Part 3 of the EAF must be completed by the lead agency if any impact in Part 2 "is identified as potentially-large," and "the Part 3 is used to evaluate whether or not the impact is actually important" (6 NYCRR 617.20, appendix A). The lead agency is required to declare whether the project may have a significant adverse environmental impact and thus require an environmental impact statement (positive declaration) or whether the project will not have any significant adverse environmental impact (negative declaration), thus ending the environmental review process.

In our view, the Town Planning Board was required to submit to the County Planning Board all of the materials that the Town Planning Board would consider in issuing a negative or positive declaration, i.e., the underlying application and supporting studies, reports, maps and plans. The purpose of the referral is for the County Planning Board to review that same material and make a recommendation to the lead agency. The fact that the Town Planning Board did not submit Parts 2 and 3 of the EAF is of no consequence, because the County Planning Board had in its possession the same material that the Town Planning Board was considering in making its determination of significance (*cf. Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 348-350 [2003]; *Matter of Citizens Against Sprawl-Mart v Planning Bd. of City of Niagara Falls*, 8 AD3d 1052, 1053 [2004]). We therefore modify the judgment accordingly. We have considered the remaining contentions of the parties and conclude that they are without merit. Present— Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.