Appeal from a judgment (denominated order) of the Supreme Court, Allegany County (Michael L. Nenno, A.J.), entered May 9, 2007 in a declaratory judgment action. The judgment dismissed the complaint (denominated petition and complaint).
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the complaint is reinstated and judgment is granted in favor of plaintiff as follows: “It is ADJUDGED AND DECLARED that Local Law No. 1 (2006) of the Town of Centerville is invalid.”
Memorandum: Plaintiff commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking to annul Local Law No. 1 (2006) of the Town of Centerville (Local Law) based on, inter alia, the alleged failure of defendant to comply with the procedural and substantive requirements of ECL article 8 (State Environmental Quality Review Act [SEQRA]) in enacting the Local Law. We note at the outset that this is properly only a declaratory judgment action. “The gravamen of the plaintiffs challenge here is . . . that the local law itself is an invalid legislative enactment . . .[, and i]t is well established that an article 78 proceeding is not the proper vehicle to test the validity of a legislative enactment” (Kamhi v Town of Yorktown, 141 AD2d 607, 608 [1988], affd 74 NY2d 423 [1989]). We agree with plaintiff, however, that Supreme Court erred in dismissing the complaint (improperly denominated petition and complaint) and instead should have granted judgment in favor of plaintiff declaring that the Local Law is invalid.
Defendant declared itself the lead agency for the proposed Local Law under SEQRA, concluded that this was an “Unlisted action” (6 NYCRR 617.6 [a] [3]), and prepared a “Short Environmental Assessment Form” (short EAF) used for such *1130 actions (see 6 NYCRR 617.20, Appendix C). The short EAF contained a negative declaration of environmental significance and, based upon that declaration, no environmental impact statement was prepared (see ECL 8-0109 [4]; 6 NYCRR 617.7 [a] [2]).
It is well settled that SEQRA applies to the “adoption of. . . local laws . . . that may affect the environment” (6 NYCRR 617.2 [b] [3]; see ECL 8-0105 [4]; State of New York v Town of Horicon, 46 AD3d 1287, 1288 [2007]). In addition, “[t]he mandate that agencies implement SEQRA’s procedural mechanisms to the ‘fullest extent possible’ reflects the Legislature’s view that the substance of SEQRA cannot be achieved without its procedure, and that departures from SEQRA’s procedural mechanisms thwart the purposes of the statute. Thus it is clear that strict, not substantial, compliance is required” (Matter of King v Saratoga County Bd. of Supervisors, 89 NY2d 341, 347 [1996]).
We agree with plaintiff that defendant failed to comply with the procedural requirements of SEQRA and, “where a lead agency has failed to comply with SEQRA’s mandates, the negative declaration must be nullified” (Matter of New York City Coalition to End Lead Poisoning v Vallone, 100 NY2d 337, 348 [2003]). The use of a short EAF is permitted only in the event that the proposed action, here, the enactment of the Local Law, is properly classified as an unlisted action (see 6 NYCRR 617.6 [a] [3]). Unlisted actions are defined as those actions not identified as either type I or type II actions (see 6 NYCRR 617.2 [ak]), and type I actions include “the adoption of changes in the allowable uses within any zoning district, affecting 25 or more acres of the district” (6 NYCRR 617.4 [b] [2]). The action at issue herein would change the allowable use within the entire Town and thus is properly classified as a type I action (see generally Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 689-690 [1996]; Patterson Materials Corp. v Town of Pawling, 264 AD2d 510 [1999], lv denied 95 NY2d 754 [2000]). “For Type I actions, a full EAF . . . must be used to determine the significance of such actions” (6 NYCRR 617.6 [a] [2]). Thus, “[w]e agree with [plaintiff] that the failure of [defendant] to complete . . . the full EAF nullifies its SEQRA negative declaration” (Matter of Citizens Against Sprawl-Mart v Planning Bd. of City of Niagara Falls, 8 AD3d 1052, 1053 [2004]).
In light of our determination, we have not considered plaintiffs remaining contentions. Present—Smith, J.E, Lunn, Fahey and Peradotto, JJ.