■ RED WING PROPERTIES, INC., Respondent, v TOWN OF MILAN et al., Appellants. [898 NYS2d 593]—

In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Milan dated August 13, 2007, which adopted the 2007 Comprehensive Plan for the Town of Milan as Local Law No. 6 (2007) of the Town of Milan, and action, inter alia, for a judgment (1) declaring that the resolution is null and void, and (2) permanently enjoining the Town Board of the Town of Milan from enforcing the 2007 Comprehensive Plan, enacted as Local Law No. 6 (2007) of the Town of Milan and its board members appeal, as limited by their notice of appeal and brief, from so much of a judgment of

the Supreme Court, Dutchess County (Brands, J.), dated March 24, 2008, as, in effect, granted the petition to the extent of annulling the 2007 Comprehensive Plan of the Town of Milan, enacted as Local Law No. 6 (2007) of the Town of Milan, and permanently enjoined the Town Board of the Town of Milan from enforcing the 2007 Comprehensive Plan, enacted as Local Law No. 6 (2007) of the Town of Milan.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, and it is declared that the resolution of the Town Board of the Town of Milan dated August 13, 2007, which adopted the 2007 Comprehensive Plan for the Town of Milan as Local Law No. 6 (2007) of the Town of Milan is valid.

On August 13, 2007, the Town Board of the Town of Milan (hereinafter the Town Board) adopted a comprehensive plan (hereinafter the 2007 Comprehensive Plan), which, among other things, recommended amending the Town Code to eliminate a Light Industrial District—Floating Zone (hereinafter the District) that allowed residential and agricultural areas to be rezoned for industrial use, including mining. On the same day, the Town Board enacted Local Law No. 6 (2007) of the Town of Milan (hereinafter Local Law No. 6), amending the Town Code to eliminate the District.

The petitioner/plaintiff (hereinafter the petitioner), Red Wing Properties, Inc., which operates a sand and gravel mine in the Town, and has an application pending to rezone a parcel of property from an agricultural to a light industrial designation in order to open a second mine, commenced this hybrid proceeding and action against the Town. The petitioner challenged the adoption of the 2007 Comprehensive Plan, enacted as of Local Law No. 6, on the grounds, inter alia, that the Town Board failed to comply with the substantive and procedural requirements of the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA), and certain procedural requirements set forth in the General Municipal Law and the Town Code.

In determining whether an agency action is ripe for review, "a pragmatic evaluation [must be made] of whether the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (*Matter of Gordon v Rush*, 100 NY2d 236, 242 [2003], quoting *Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]; *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519 [1986], *cert denied* 479 US 985 [1986]). The case relied upon by the Town in arguing that the recommendation made in the 2007 Comprehensive Plan to eliminate the District did not inflict an actual, concrete injury

upon the petitioner is distinguishable from the present case because, here, at the same time that it adopted the 2007 Comprehensive Plan, the Town Board enacted the challenged recommendation through Local Law No. 6 (*cf. Matter of Alamit Props. Co. v Planning Bd. of Town of Harrison*, 159 AD2d 703 [1990]). Furthermore, in the present case, the petitioner has an application pending to re-zone a parcel of its property for industrial use, which application would be directly affected by the elimination of the District. Accordingly, unlike the situation in *Alamit,* the potential harm to the petitioner is not "purely speculative" (*id.* at 704).

Additionally, the Town correctly concedes that the petitioner's challenge to Local Law No. 6 is ripe for review. The environmental review that was performed with respect to the local law references, and builds upon, the generic environmental review conducted in connection with adoption of the recommendation made in the Comprehensive Plan. As such, the environmental assessment made with respect to the recommendation in the plan and the environmental analysis of the local law are properly reviewed together. To determine otherwise would insulate from judicial scrutiny the environmental review performed with respect to the adoption of the land use policy in the comprehensive plan, "a result clearly contrary to the public interest" (*Matter of Har Enters. v Town of Brookhaven*, 74 NY2d 524, 529 [1989]). Accordingly, under the circumstances of this case, we review the petitioner's challenge to both the recommendation made in the Comprehensive Plan and Local Law No. 6.

We conclude, however, that contrary to the Supreme Court's finding, the record demonstrates that prior to adopting the recommendation in the 2007 Comprehensive Plan to eliminate the District, and prior to enacting Local Law No. 6, the Town Board " 'identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" for its determination' " (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *see Matter of Har Enters. v Town of Brookhaven*, 74 NY2d at 530; *Patterson Materials Corp. v Town of Pawling*, 264 AD2d 510, 511-512 [1999]). Further, the Supreme Court improperly concluded that the "blanket prohibition" of mining, effectuated by Local Law No. 6, was "over broad [*sic*], arbitrary, capricious, and an abuse of discretion" because the Town could have used a "less restrictive means" of achieving its objectives by limiting mining to certain areas. This is a judgment as to the substance

of the Town's action rather than the quality of the Town's review of the potential environmental impacts of the local law. "In reviewing a lead agency's compliance with SEQRA, a court does not 'weigh the desirability of [the] action' " (*Matter of Har Enters. v Town of Brookhaven*, 74 NY2d at 528-529), or "choose among alternatives" (*Matter of Merson v McNally*, 90 NY2d 742, 751 [1997]). Because the Town Board's SEQRA review was sufficient to withstand judicial scrutiny, its determination in this regard will not be disturbed (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d at 688-690; *Matter of Har Enters. v Town of Brookhaven*, 74 NY2d at 530; *Patterson Materials Corp. v Town of Pawling*, 264 AD2d at 511-512).

Contrary to the Supreme Court's determination, the record demonstrates that the Town Board complied with General Municipal Law § 239-m in adopting Local Law No. 6. That statute requires the Town to refer to the relevant county planning agency a "full statement" of its proposed amendment to the zoning code, including a completed Environmental Assessment Form (hereinafter EAF) and "all other materials required by [the Town] in order to make its determination of significance" (General Municipal Law § 239-m [1] [c]; [2], [3] [a] [ii]). Both the Town Clerk and the Town Attorney averred that the full EAF was sent to, and received by, the Dutchess County Department of Planning and Development. In the absence of evidence to contradict these averments, the petitioner's contention that the Town failed to prove that it sent the full EAF to the County should have been rejected. Further, under the circumstances of this case, it was not necessary for the Town Board to forward to the County the one comment made at the public hearing concerning the enactment of Local Law No. 6. The comment merely expressed the opinion that the hearing was unnecessary, and thus, the comment was not essential to the Town's finding of nonsignificance.

The petitioner's remaining contentions, including those raised as alternative grounds for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), are without merit. Mastro, J.P., Belen, Hall and Austin, JJ., concur.