Matter of Village of Kiryas Joel v County of Orange (2020 NY Slip Op 01622)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Village of Kiryas Joel v County of Orange

2020 NY Slip Op 01622

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-02288
(Index No. 7173/16)

[*1]In the Matter of Village of Kiryas Joel, et al., appellants,
vCounty of Orange, et al., respondents.

Whiteman Osterman & Hanna LLP, Albany, NY (Michael G. Sterthous, Robert S. Rosborough IV, and Claiborne Walthall of counsel), for appellants.
Langdon C. Chapman, County Attorney, Goshen, NY (Anthony F. Cardoso of counsel), for respondents County of Orange, Orange County Department of Planning, Orange County Legislature, and Orange County Sewer District No. 1.
Feerick Lynch MacCartney & Nugent PLLC, South Nyack, NY (Patrick Knowles of counsel), for respondent Town of Blooming Grove.
Norton & Christensen, Goshen, NY (Harold M. Pressberg of counsel), for respondent Village of Chester.
Bonacic & McMahon, LLP, Goshen, NY (Charles T. Bazydlo of counsel), for respondents Town of Chester and Town of Chester Planning Board (no brief filed).

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to annul Local No. 3 of 2016 of the respondent Town of Chester, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Elaine Slobod, J.), dated February 3, 2017. The order and judgment granted the separate motions of the respondents County of Orange, Orange County Department of Planning, Orange County Legislature, and Orange County Sewer District No. 1, the respondent Town of Blooming Grove, the respondent Village of Chester, and the respondents Town of Chester and Town of Chester Planning Board pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against each of them, and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the motion of the respondents Town of Chester and Town of Chester Planning Board which was pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against the Town of Chester, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, with one bill of costs to the respondents County of Orange, Orange County Department of Planning, Orange County Legislature, Orange County Sewer District No. 1, Town of Blooming Grove, and Village of Chester, appearing separately and filing separate briefs, and the petition is reinstated insofar as asserted against the Town of Chester.
On or about October 21, 2016, the petitioners commenced this proceeding pursuant to CPLR article 78 to annul and set aside Local Law No. 3 of 2016 of the respondent Town of Chester, which re-zoned approximately 60 acres of real property located within the so-called former Camp LaGuardia property from "OP" (office park) to "I" (industrial). As alleged in the petition, the former Camp LaGuardia property is comprised of approximately 258 acres, which stretches across the borders of three municipalities, as follows: (1) 215 acres are located in the Town of Chester, of which 60 acres were zoned for use as an office park and 155 were zoned for agricultural use, (2) 39 acres are located in the respondent Town of Blooming Grove and zoned for residential use, and (3) 4.4 acres are located in the respondent Village of Chester and zoned for manufacturing use.
In 2007, the respondent County of Orange acquired the Camp LaGuardia property from the New York City Economic Development Corporation. Thereafter, the County issued a request for proposals for a mixed-use development on the property. In 2008, the respondent Orange County Legislature selected the proposal of nonparty Mountco Construction Development Corp. (hereinafter Mountco) as its preferred developer. Mountco's development proposal called for, inter alia, the construction of 807 residential units and 250,000 square feet of commercial space. In order to be effectuated, Mountco's proposal required zoning changes to the Camp LaGuardia property from both the Town of Chester and the Town of Blooming Grove. The petition alleges that Mountco submitted applications to the Town of Chester and the Town of Blooming Grove for those zoning changes. The petition further alleges that the Town of Chester and the Town of Blooming Grove classified the project as a Type I action pursuant to the State Environmental Quality Review Act (NY Environmental Conservation Law § 8-0101 et seq. [hereinafter SEQRA]), and each municipality issued a positive declaration. However, the County allegedly thereafter abandoned the Mountco development proposal, and announced plans to instead develop the former Camp LaGuardia property as an industrial park.
The petition alleges that, in March 2016, the Town Board of the Town of Chester discussed re-zoning portions of the former Camp LaGuardia property from "OP" (office park) to "I" (industrial). On April 22, 2016, the Town of Chester allegedly submitted a proposed zoning amendment to the respondent Orange County Department of Planning for review pursuant to General Municipal Law § 239-m. On April 27, 2016, the petitioner Village of Kiryas Joel (hereinafter Kiryas Joel) submitted a letter to the Town of Chester requesting to be considered as an involved agency, and raising concerns about the possible impacts of the re-zoning on affordable housing.
As part of a public hearing in connection with the proposed re-zoning, on June 7, 2016, Kiryas Joel submitted a letter to the Town Board of the Town of Chester raising concerns that environmental review in connection with the proposed re-zoning was improperly segmented from a necessary review of impacts in connection with the larger former Camp LaGuardia redevelopment plans. Kiryas Joel called for a coordinated environmental review by all municipalities involved in the Camp LaGuardia redevelopment. Additionally, Kiryas Joel raised concerns regarding the completeness of the Town of Chester's environmental assessment form (hereinafter EAF) and compliance with General Municipal Law § 239-m.
The petition alleges that, on June 22, 2016, the Town Board of the Town of Chester classified the proposed re-zoning as a Type I action, issued a negative declaration, and voted to adopt Local Law No. 3, which re-zoned the 60 acres at issue from "OP" (office park) to "I" (industrial). The new industrial zoning allegedly permits various new uses not specifically permitted under the prior office park zoning, including, inter alia, manufacturing, warehouses, transportation terminals, storage, and printing facilities. The new zoning does not permit any residential uses.
In their petition seeking the annulment of Local Law No. 3, the petitioners assert: (1) procedural violations of SEQRA, including the failure to properly define the action under review, impermissible segmentation of the former Camp LaGuardia redevelopment project, failure to complete all sections of the EAF, and failing to provide Kiryas Joel with requested SEQRA documentation, (2) substantive violations of SEQRA, including failing to take a hard look at areas of environmental concern, including traffic, water usage, wastewater capacity, noise impacts from allowing industrial uses, light pollution, and stormwater runoff, (3) violations of General Municipal [*2]Law § 239-m with regard to alleged deficiencies in the Town of Chester's submission of the proposed action to the Orange County Planning Department, and with respect to the Orange County Planning Department's allegedly irrational determination that the proposed zoning change would not have any inter-municipal or county-wide impacts, and (4) violation of the Code of the Town of Chester § 98-39, which requires a referral of any proposed zoning change to the Town of Chester Planning Board for a review thereof.
The County, the Orange County Department of Planning, Orange County Legislature, and Orange County Sewer District No. 1 (hereinafter collectively the County respondents) moved pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against them, inter alia, on the grounds that it was not ripe for review or, in the alterative, that the petitioners lacked standing. The Town of Blooming Grove, the Village of Chester, and the Town of Chester and Town of Chester Planning Board separately moved to dismiss the petition insofar as asserted against each of them on the same grounds as those asserted by the County respondents.
The Supreme Court granted those branches of the respondents' respective motions which were to dismiss the petition on the ground that the controversy was not ripe for review, finding that "[t]he impacts which the petitioners fear are wholly speculative at this stage," and, in effect, dismissed the proceeding. The petitioners appeal.
Contrary to the Supreme Court's determination, the petitioners' challenge to Local Law No. 3 is ripe for review insofar as the petition is asserted against the Town of Chester.
"Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties'" (National Park Hospitality Assn. v Department of Interior, 538 US 803, 807-808, quoting Abbott Laboratories v Gardner, 387 US 136, 148-149).
In the context of challenges to administrative action, the concepts of finality and ripeness are "closely related," such that "for an administrative determination to be final, and thus justiciable, it must be ripe for judicial review" (Matter of Ranco Sand & Stone Corp. v Vecchio, 27 NY3d 92, 98). "To challenge an administrative determination, the agency action must be final and binding upon the petitioner" (id. at 98 [internal quotation marks omitted]). "The finality requirement draw[s] from case law on ripeness for judicial review" (id. [internal quotation marks omitted]). "An administrative determination becomes final and binding' when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies" (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194). "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34).
Here, the Town of Chester's completion of the SEQRA process and amendment of its zoning pursuant to Local Law No. 3 was a complete and final action and, therefore, the petitioners' challenge to Local Law No. 3 is ripe for review (see Red Wing Props., Inc. v Town of Milan, 71 AD3d 1109, 1111). The alleged deficiencies with regard to the Town of Chester's environmental review may not be ameliorated by any further administrative action, as the Town of Chester's SEQRA review has concluded (see Matter of Cor Rte. 5 Co., LLC v Village of Fayetteville, 147 AD3d 1432, 1433 ["the Board of Trustees' simultaneous issuance of a negative declaration and adoption of the zoning amendment rendered petitioner's challenges to the Board of Trustees' action ripe for review"]).
Although the petition alleged that harm may flow to the petitioners as the result of future development on the former Camp LaGuardia Property, which would require further administrative action by other municipalities or agencies, "the fact that [the] petitioner[s] may [*3]ultimately be aggrieved by a future SEQRA action does not affect the judicial ripeness of the SEQRA challenge relating to a prior action" (Matter of Cor Rte. 5 Co., LLC v Village of Fayetteville, 147 AD3d at 1433). Here, the SEQRA process with respect to Local Law No. 3 is complete, since the Town of Chester adopted Local Law No. 3 and, thereby, enacted zoning changes to the property in question. Therefore, the instant challenge to the Town of Chester's compliance with SEQRA with respect to Local Law No. 3 is ripe as to the Town of Chester.
However, none of the claims made by the petitioners are ripe as against the County respondents, the Town of Blooming Grove, the Village of Chester, or the Town of Chester Planning Board, as those respondents have not taken any action that may be reviewed. Given the procedural posture of this case, the Town of Chester is the only proper respondent (see Matter of Headriver, LLC v Town Bd. of Town of Riverhead, 2 NY3d 766, 768). Accordingly, we agree with the Supreme Court's determination granting the motions of the County respondents, the Town of Blooming Grove, and the Village of Chester pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against each of them, and granting that branch of the motion of the Town of Chester and the Town of Chester Planning Board which was pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against the Town of Chester Planning Board.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court